United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Juan Candelaria, Plaintiff, ) <br> ) <br> v. ) <br> ) <br> St. Juda Medical Equipment Corp ) <br> and others, Defendants. ) | Civil Action No. 20-23755-Civ-Scola |

**SEALED Order Striking Complaint and Closing Case**

In this putative *qui tam* action under the False Claims Act, Plaintiff Juan Candelaria, proceeding pro se, complains the Defendants submitted false claims for payment of $23,533.55, using Candelaria's Medicare card number, to federal healthcare programs. (Compl., ECF No. 1, 1–2, 5.) In addition to his central claims under the False Claims Act, Candelaria also identifies counts for "medical identity theft," for "failure to comply with established procedure," and "under the HIPAA." (*Id.* at 14, 15, 17.)[1] After review, the Court finds it lacks jurisdiction over Candelaria's *qui tam* claims. The Court also finds Candelaria has not alleged any alternative basis for the Court's jurisdiction. Additionally, Candelaria has failed to submit either the necessary filing fee or a motion to proceed *in forma pauperis*. Accordingly, the Court **strikes** Candelaria's complaint (**ECF No. 1**) and **closes** this case.

First, the Court lacks jurisdiction over *qui tam* claims based on the FCA that are brought on a pro se basis. *Deutsche Bank Nat. Tr. Co. v. Holyfield*, 309 Fed. Appx. 331, 333 (11th Cir. 2009). Second, the Court can discern no other federal claim from Candelaria's complaint that would otherwise confer jurisdiction. Third, to the extent Candelaria has attempted to allege any state-law claims, he does not allege any jurisdictional basis for those claims to proceed in this Court. Accordingly, the Court finds Candelaria has failed to establish the Court's jurisdiction to hear his claims.

Further, Candelaria has not either (1) submitted the required filing fee or (2) an application to proceed *in forma pauperis*. He can cannot proceed with his case until he does one of those two things.

Lastly, Candelaria's case was filed under seal under the pretense that it was a *qui tam* case. Because the Court finds Candelaria cannot proceed on this basis, it will direct the Clerk to unseal this case unless Candelaria can

---

[1] Candelaria also mentions "common law theories of breach of contract, payment by mistake, unjust enrichment, and fraud" but does not appear to state any claims on these bases. (*Id.* at 19.)

establish, on or before **October 8, 2020**, some other reason why it should remain under seal.

Because the Court does not have jurisdiction over Candelaria's *qui tam* claims and because no other basis for jurisdiction is discernable from his complaint, the Court **strikes** his complaint and administratively **closes** this case. If Candelaria believes he can establish the Court's jurisdiction, he may file a motion to reopen this case, attaching to his motion a proposed amended complaint for the Court's review. Candelaria must also submit the required filing fee or a viable application to proceed *in forma pauperis* before the Court will consider his motion to reopen this case. Candelaria must file his motion to reopen and either submit his filing fee, or an application to proceed without it, **on or before October 8, 2020**. If Candelaria fails to comply with this order, the Court will dismiss his case, albeit without prejudice.

The Clerk is, therefore, instructed to **close** this case. Any other pending motions are **denied as moot.** The Clerk is also instructed to provide a copy of this order to Candelaria by mailing it to the address listed below.

**Done and ordered**, at Miami, Florida, on September 17, 2020.

_____
Robert N. Scola, Jr.
United States District Judge

Copy via U.S. mail to:
Juan Candelaria
145 East 39th Street
POD 39 Room 504
New York, NY 10016